UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:07-CR-157 |
| | ) | (Phillips / Shirley) |
| AJAKIBIANI EARTH MCBAYNE, | ) | |
| JOSEPH DEJON MANNING, | ) | |
| AMANDA CRYSTAL STIGALL, and | ) | |
| TITUS L. STIGALL, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on March 31, 2008, for an evidentiary hearing on a number of pending pretrial motions, to include Defendant Joseph Manning's Motion for Severance [Doc.44]. Attorney Kim Tollison appeared with Titus Stigall. Attorney Ursula Bailey was present on behalf of Amanda Stigall, who was previously excused from the hearing. Attorney Steven Shope was present with defendant Joseph Manning. Attorney Kelly Johnson and his client, Ajakibiani McBayne, were previously excused from the hearing. Assistant United States Attorney Matthew Morris was present on behalf of the government. The United States joined in Mr. Manning's request to be severed for trial from his co-defendants. [Doc. 60].

Mr. Manning's motion asserts that his co-defendants have made statements which implicate him in the alleged criminal activity. Relying upon Bruton v. United States, 391 U.S. 123 (1968),

1

Mr. Manning argues that his trial must be severed from that of the other three persons charged in this indictment in order to afford him a fair trial and that a joint trial would violate his Sixth Amendment right to confront the witnesses against him. Mr. Manning states that redacting his name from the statements is not a feasible remedy in this case. Mr. Manning also argues that the statements of alleged co-conspirators offered in exchange for leniency are inherently unreliable and of limited probative value.

The government agrees that Mr. Manning must be severed in order to preserve his Sixth Amendment right to confront the witnesses against him, as set forth in the holding of Bruton v. United States, 391 U.S. 123 (1968). The United States noted a similar situation regarding the other defendants and made an oral motion to sever the remaining two co-defendants for trial, Amanda Stigall and Titus Stigall. Ms McBayne has entered into a plea agreement with the government and will not proceed to trial.

Federal Rules of Criminal Procedure, Rule 8(b), provides that "defendants may be charged in the same indictment if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." There is a presumption that co-defendants should and will be tried together; this presumption applies equally to defendants charged together in a conspiracy. Zafiro v. United States , 506 U.S 534, 537 (1003); United States v. Tocco, 200 F.3d 401, 413 (6th Cir. 2000).

In a joint trial, one co-defendant's prior statement may be ordinarily introduced only against the declarant, and not as evidence against another co-defendant; in such a case the latter has suffered no violation of his Sixth Amendment Confrontation Clause rights. Richardson v. Marsh, 481 U.S. 200, 206 (1987). However, where one co-defendant's statement that facially incriminates the another

defendant, the Supreme Court has recognized an exception to this general rule. <u>Bruton v. United States</u>, 391 U.S. 123, 135-36 (1968). <u>Bruton</u> held that a jury instruction limiting the jury's use of the statement to the declarant did not preclude the risk that a jury, despite the limiting instruction, would consider the co-defendant's statement, which also implicated the defendant, as evidence of the defendant's guilt. The Supreme Court observed "there are some contexts in which risk that jury will not, or cannot, follow instructions is so great and consequences of failure so vital to defendant in criminal cause that practical and human limitations of jury system cannot be ignored." <u>Bruton</u>, 391 U.S. at 134.

The United States agrees that the prosecution against Mr. Manning and the other defendants is such a case. Although the Sixth Amendment is not violated by introducing a redacted confession by a co-defendant that removed all references to the other defendant, here the prosecution reports that, because of their nature, the statements of these defendants cannot be successfully redacted. <u>Richardson</u>, 481 U.S. at 203. The defendants agreed with this description, though Attorney Tollison and Attorney Bailey stated they have not actually received copies of all other defendants' statements, but joined the government's oral motion to sever Titus Stigall and Amanda Stigall for trial.

The Court finds that although these defendants were properly joined in the indictment, a severance of defendants for trial is necessary. Based upon the representations of counsel regarding the statements, the Court finds severance is the only available remedy to preserve each defendant's Sixth Amendment right to confront and cross examine witnesses who offer evidence against them.

Having concluded that severances are necessary, the Court also finds that failure to continue the respective severed trials in this case through the last scheduled date of October 6, 2008, would

3

be likely to result in a miscarriage of justice as to each of these defendants. See 18 U.S.C. § 3161(h)(8)(B)(i). The Court finds, and the parties agreed, that the failure to continue the trial dates beyond the current date set for the joint trial would likely make a continuation of the proceedings impossible or would unreasonably deny these defendants or the government continuity of counsel, as an oral discussion of the calendars of each of the attorneys in this case made evident. See 18 U.S.C. § 3161(h)(8)(B)(i), (iv). The Court finds that the ends of justice served by granting a continuance of the trial dates for Amanda Stigall and Joseph Manning, and for the conduct of Titus Stigall's trial on the originally scheduled date, and each defendants' preparation for these severed trials, outweigh the best interest of the public and these defendants in a speedy trial. See 18 U.S.C. § 3161(h)(8)(A). The Court also finds that without a continuance, counsel would not have the reasonable time necessary to prepare for trial despite their use of due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv). For these reasons, the Court finds, and the parties agreed, that all time between the filing of the initial motion for severance on **March 4, 2008**, and the new trial dates, including through **October 6, 2008**, is fully excludable from operation of the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(1)(F) and (h)(3)(7) and (h)(8)(B)(i), (iv).

**IT IS ORDERED**:

> 1. Joseph Manning's Motion for Severance **[Doc. 44]** is **GRANTED**; and the government's oral motion for severance of the remaining defendants proceeding to trial is **GRANTED**. The trials of defendants Joseph Manning, Amanda Stigall and Titus Stigall are hereby **SEVERED** and shall be conducted separately from one another.
>
> 2. Titus Stigall shall proceed to trial as scheduled on **May 19, 2008, at 9:00 a.m.** before the Honorable Thomas W. Phillips, United States District Judge.

3. Joseph Manning shall proceed to trial on **September 29, 2008, at 9:00 a.m.** before the Honorable Thomas W. Phillips, United States District Judge.

4. Amanda Stigall shall proceed to trial **October 6, 2008, at 9:00 a.m.** before the Honorable Thomas W. Phillips, United States District Judge.

5. All time between the filing of the initial motion for severance on **March 4, 2008**, and the new trial dates, including through **October 6, 2008**, is fully excludable from operation of the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(1)(F) and (h)(3)(7) and (h)(8)(B)(i), (iv).

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge