IN THE UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| | ) ) | No. 3:07-CR-157 (Phillips / Shirley) |
| V. | ) ) ) | |
| JOSEPH D. MANNING | ) ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the district court as may be appropriate. This matter has come before the Court on three *pro se* requests submitted in the form of a letter from Joseph Manning, [Doc. 73]. Mr. Manning is represented in this case by Attorney Steven G. Shope.

To the extent the letter seeks legal advice or moves the Court for a remedy, the Court finds the *pro se* requests violate <u>Local Rules of the United States District Court for the Eastern District of Tennessee</u>, LR 83.4 Appearance and Withdrawal of Counsel, which provides, in relevant part:

(c) Representation *Pro Se* After Appearance by Counsel

> Whenever a party has appeared by attorney, that party may not thereafter appear or act in his or her own behalf in the action or proceeding, unless an order of substitution shall first have been made by the court, after notice by the party to the attorney and to the opposing party. However, the court may, in its discretion, hear a party in open court, notwithstanding the fact that the party is represented by an attorney.

This Court will not proceed on the merits of the substantive requests in Mr. Manning's *pro*

1

*se* letter, as Mr. Manning is represented by counsel. To the extent that Mr. Manning might consider filing *pro se* documents in the future, the Court takes this opportunity to admonish him against doing so in the strongest terms. Mr. Manning has availed himself of his right to counsel as guaranteed by the United States Constitution and this Court urges him consult that counsel or seek a new lawyer. Without the benefit of legal training and experience, Mr. Manning may seriously and irreparably damage his defense to these criminal charges. This could come about by his inadvertently revealing attorney-client privileged information, compromising the most effective presentation of his defense or even disclosing to the Court, the public and the Office of the United States Attorney the particulars of his defense strategy. Although the damage may be accidental or unforeseen, it will not be possible to un-ring the bell later.

Accordingly, to the extent his letter makes requests of the Court to compel disclosure of material, alter his trial date and to release him to a halfway house, Mr. Manning's requests in **[Doc. 73]** are **DENIED**.

ENTER:

     s/ C. Clifford Shirley, Jr.    
United States Magistrate Judge