UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Nos. 3:07-CR-157 |
| | ) | 3:13-CR-012 |
| | ) | |
| JOSEPH MANNING | ) | |

**O R D E R**

By judgment entered January 6, 2015, this Court sentenced the defendant to a 51-month term of imprisonment, to be followed by four years of supervised release, for conspiring to distribute and possess with the intent to distribute marijuana. [Case No. 3:13-CR-012, doc. 360]. That same day, the Court entered a revocation judgment in Case No. 3:07-CR-157 (a counterfeiting prosecution), imposing an additional—and consecutive—prison sentence of 18 months for the defendant's violation of his terms of supervised release, with no supervision to follow in that case. [Case No. 3:07-CR-157, doc. 144].[1] The defendant was released from Bureau of Prisons custody on March 21, 2018. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited July 13, 2020).

---

[1] Additionally, in a third prior prosecution in this court, the undersigned sentenced the defendant in September 2000 to 78 months' imprisonment, to be followed by five years of supervised release, for aiding and abetting armed bank robbery. [Case No. 3:00-CR-073, doc. 38]. The defendant committed multiple violations of his conditions of supervision in that case and, as a result, was sentenced in February 2009 to an additional 8 months' imprisonment, with no supervised release to follow in that case. [*Id.*, doc. 83].

Now before the Court is the defendant's *pro se* motion for early termination of supervision. [Case No. 3:13-CR-012, doc. 408; Case No. 3:07-CR-157, doc. 150].[2] The Court has conferred with the United States Probation Office and has been informed that the defendant has violated several conditions of his current term of supervision, including two positive drug screens and a failure to complete a substance abuse treatment program as instructed by the probation office. Because of those violations, the United States Attorney's Office opposes the defendant's request. [Case No. 3:13-CR-012, doc. 409].

The Court has considered the pertinent 18 U.S.C. § 3553(a) factors as directed by 18 U.S.C. § 3583(e). The Court appreciates the rehabilitative accomplishments and intentions described in the defendant's motion. Nonetheless, continued supervision is necessary to afford adequate deterrence to criminal conduct and to protect the public from future crimes. *See* 18 U.S.C. § 3553(a)(2)(B)-(C). As set forth above, the defendant has failed to comply with the rules of supervision in any of his three prosecutions in this court, rendering him an inappropriate candidate for early termination.

The defendant's motion in Case No. 3:07-CR-157 [doc. 150] is **DENIED AS MOOT**. His motion in Case No. 3:13-CR-012 [doc. 408] is **DENIED**.

    **IT IS SO ORDERED.**

    ENTER:

    s/ Leon Jordan
    United States District Judge

---

[2] The motion was initially misfiled in Case No. 3:00-CR-073. That filing is moot because the defendant's term of supervision in that case is long-expired. The motion is also moot as filed in Case No. 3:07-CR-157 for the same reason.